## BENSON *v.* TILTON & WIFE.

An unadjusted partnership transaction or account is not a proper matter for a specification or a set-off in an action at law.

B. brought a writ of entry upon a mortgage against T. and his wife.  A son of T. had sold the note, which was secured by the mortgage, to B., with whom he had been in partnership, but they had dissolved and made a partial adjustment of their partnership business before suit brought. T. offered to show that the partners had made a full and final adjust-ment of said partnership business, and that in such adjustment the plaintiff had been fully paid for this note and mortgage, and had agreed to give up the same to the defendant or his son.  *Held*, that this evi-dence was competent.

WRIT OF ENTRY, by Michael Benson against Amos Tilton and wife, to foreclose a mortgage.  The court appointed a master to determine the amount due upon the mortgage set forth in the plaintiff's declara-tion, and to report the same to the court.  The master's report was as follows:  "The undersigned, appointed masters, as appears by the

within commission, having been duly sworn, met the parties by agreement, at the office of Gen. Gilman Marston, on the third day of April, 1874, both parties being present with their counsel, and, having heard the parties, reports that there is due to the plaintiff from the defendants, on the mortgage described in the plaintiff's said writ, the sum of nineteen hundred and sixty-seven dollars, with interest thereon from the first day of May, 1871, at the rate of eight per cent., said mortgage being given to secure a note made and payable in Malden, Massachusetts, by the terms of which interest was to be paid at the rate of eight per cent. per annum.

At the request of the parties the master reports, for the consideration of the court, the following facts: Prior to the first day of May, 1871, the plaintiff was engaged in the ice business at said Malden. At that time, or a short time previous, he sold one half of his said business, including tools, fixtures, and stock of ice on hand, to Horace L. Tilton, a son of the defendants, and at the same time formed a copartnership with said Tilton in said business. The note secured by said mortgage, which was signed by the defendants and made payable to the plaintiff, was given in payment for said half interest in said business. After the business of the firm had continued a few months, the copartnership was dissolved. The stock of ice had been principally disposed of, but the half interest of said Horace L. Tilton in the tools, fixtures, and stock remaining was appraised, and taken by the plaintiff at the appraisal. There was no special agreement between the plaintiff and said Horace L. Tilton, or the defendants, as to the application of the appraised value of said Horace L. Tilton's interest. All accounts between the copartnership and third persons have been settled, but there has been no adjustment reached of the accounts between the plaintiff and said Horace L. Tilton, though the parties with their counsel have spent several days in attempting to reach an adjustment. The defendants desired an opportunity to offer evidence of the state of the partnership accounts, claiming that there was a balance due said Horace L. Tilton, which should be ascertained and applied in payment of, or as a matter of set-off to, the mortgage debt; but the master ruled that the evidence for that purpose was not competent. The defendants desired an opportunity to offer evidence to show that, in the spring of 1872, and before the parties attempted to adjust the accounts as before stated, said Horace L. Tilton presented to the plaintiff his account of the partnership transactions, and also made up said plaintiff's account as near as he could, the plaintiff having no regular account, and nothing but some figures on a sheet of paper; that the plaintiff said he had no doubt that the account he had made up was correct; that he would keep all the property, give up the note to the defendants, and call it square, and said Horace L. Tilton agreed to it, though he claimed there was still a balance due him ; that afterwards, in April, 1872, Amos Tilton, one of the defendants, called upon the plaintiff for said note and mortgage, and he said that he had pledged them with a man at Medford for a loan of three hundred

dollars; that he would get them and deliver them to him, and fixed the day; that on the day fixed he called on the plaintiff for the note and mortgage, and he said he had not been able to take them up, but would do it as soon as he could; that he had no doubt Horace's accounts were right, but the master ruled that such evidence would not be competent in this suit. The foregoing rulings of the master are reported to the court for its revision."

The defendants excepted to the rulings of the master, and the questions thus raised were reserved.

*Marston,* for the defendants.

The defendants submit that the pledges offered by them and rejected by the commissioner tended to show a complete settlement of the partnership affairs of the plaintiff and Horace L. Tilton, and payment of the note upon which the mortgage in question is founded. The offer was to show a proposition by the plaintiff for a settlement, accepted by Horace L. Tilton, and acted upon by both parties. The proposition made and accepted was, that the plaintiff should have all the partnership property, give up the note in question to the defendants, and call it square; and in pursuance of that agreement, the plaintiff took and still retains all the partnership property, and repeatedly promised the defendants to deliver up to them said note. The defendants contend that this state of facts, which they offered to show, amounts to payment of the mortgage debt and the discharge of all claims upon the mortgaged premises.

*Stickney,* for the plaintiff.

It is well settled as a general rule, that, while the affairs of a partnership remain unadjusted, an action at law cannot be maintained by one partner against the other in respect to any partnership transactions. The remedy between partners is by a suit in equity. *Gibson* v. *Moore,* 6 N. H. 547 ; *Odiorne* v. *Woodman,* 39 N. H. 541 ; *Wright* v. *Cobleigh,* 21 N. H. 339 ; *Harris* v. *Harris,* 39 N. H. 49 ; *Burleigh* v. *Harris,* 8 N. H. 233 ; *Treadwell* v. *Brown,* 41 N. H. 15.

A set-off is in the nature of cross action, and in order to be a proper matter of set-off the claim must be a subsisting debt at the date of the plaintiff's writ, and upon which an action might be maintained against the plaintiff. *Barney* v. *Brewster,* 14 N. H. 49 ; *Odiorne* v. *Woodman,* 39 N. H. 541.

These authorities are believed to be decisive of the questions raised by the master's report. The partnership between the plaintiff and Horace L. Tilton being unadjusted, neither Horace nor the defendants can maintain any action at law, or any set-off against the plaintiff. No payment has ever been made upon the note, and there is no debt or claim against the plaintiff which can be filed or applied in payment, there being no agreement between the plaintiff and Horace, or between

the plaintiff and the defendants, that anything due or which might become due on account of the partnership should be applied towards the payment of the note.

The talk between the plaintiff and Horace, stated in the master's report, did not amount to any settlement which was binding upon them. No arrangement between them was completed, and the parties must have so understood it, as they afterwards spent several days in trying to adjust their partnership business.

Another objection is, that Horace is not a party to this action, and would not be bound by the judgment.

The master can receive no evidence which the court would not receive if the case was on trial before the jury, and the court would not undertake to settle in this action the partnership affairs between the plaintiff and Horace, but would leave the parties to their remedy by a bill in equity.

SARGENT, C. J.   " It is well settled here as well as elsewhere, that during the continuance of a partnership, and while its concerns are unadjusted, there is at common law no implied promise by one partner to pay anything to the other on a partnership transaction, and no action lies by either in such case, unless the transaction upon which the right of action is based has been settled between the parties and a promise of payment made."   *Odiorne* v. *Woodman*, 39 N. H. 541, 546, and cases cited.

If the partnership accounts and business were unsettled between these partners, then no offset of any balance claimed to be due on settlement of partnership accounts could come in here.   This note and mortgage were given by one partner to the other for the half interest in the partnership; a suit could be maintained on that by the plaintiff at any time, as that was not partnership property.   This suit is not between the partners, but by one partner against third persons.   These third persons had nothing to do with the partnership.   If this suit had been brought by the plaintiff against Horace L. Tilton, the son, then *Odiorne·* v. *Woodman* is an authority that no offset of the balance due on the unsettled and unadjusted concerns of the partnership could be allowed in offset, or be taken into the account in an action at law.

But in this case there was an offer to show something more.   The master finds that the stock in trade had been mainly disposed of; that all the balance of such stock, with the tools and fixtures, had been appraised and taken by the plaintiff at the appraisal; that all the accounts of the firm with third persons have been settled and adjusted; and that all that remains to be done is to adjust the accounts and claims between the partners themselves, and that the partnership has been dissolved.   He finds that there had been no special agreement between these partners as to how the money should be applied which the plaintiff was to allow the defendant for his half of the tools, fixtures, and residue of the capital stock of the firm, which, since the dissolution, the plaintiff had taken and agreed to pay for in some way; and he also

finds the fact, that the partners had not reached any adjustment of their company affairs.

But the defendants offered to show in substance that there had been an adjustment of all the partnership matters, and an application of the payment which it was admitted the plaintiff was to make for the tools, fixtures, etc., and in consideration of all this, it was agreed that the plaintiff had received payment in full for this note. This evidence had a tendency to show an adjustment of the partnership business, and a payment of this note to the plaintiff: whether it was to be considered as paid and cancelled as between the defendants and their son or otherwise, would not be material : if it had been fully paid to the plaintiff with his consent and by his arrangement, he no longer had an interest in it which would enable him to bring and maintain a suit upon the mortgage given to secure it. The case does not show whether this note, which was secured by the mortgage in suit in this case, was an accommodation note given to the son to enable him to buy into the ice business in company with this plaintiff, or whether it was a debt due from the father to the son in some arrangement between themselves, nor is that material in this case. If the plaintiff had received his full pay upon the note, his interest in it had ceased, and he could not for his own benefit and in his own behalf maintain this suit.

The master found that the partnership had been dissolved, and that there had been a partial adjustment of the partnership business ; and this evidence thus offered tended to show a full and final adjustment of all these partnership affairs, and that in making that adjustment this note had been fully paid to this plaintiff before the commencement of this suit, which would be a good defence to this suit upon the mortgage securing that note, at least in the name and for the benefit of this plaintiff. We think the evidence offered was competent, and should have been received.

*Report recommitted.*